IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMMAL L. FRANKLIN, A038-905-669
    Petitioner,

v.     CIVIL ACTION NO. JKB-13-3047

GARY MUMFORD
    Respondent.

*****

## MEMORANDUM

### I. Background

On October 14, 2013, this counseled 28 U.S.C. § 2241 petition for writ of habeas corpus was received for filing. According to the writ, petitioner had been in post-removal- order custody of the Immigration and Customs Enforcement ("ICE") since January 23, 2013. Petitioner sought release from ICE detention, invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Respondent's Counsel initially filed a response to the court's order to show cause, arguing that there was no due process violation under *Zadvydas* given petitioner's non-compliance with Department of Homeland Security ("DHS") requests, his eventual compliance, and the likelihood that a travel document would soon be issued. Respondent's counsel later filed a motion, seeking to dismiss the petition as moot. ECF Nos. 8 & 12. Petitioner's counsel has filed a response, indicating that he has no opposition to the dismissal of the case.[1] ECF No. 13. For reasons to follow, the petition shall be dismissed.

### II. Standard of Review

After a removal order becomes final, ICE must detain the alien for up to ninety days until he is removed (the "removal period"). *See* 8 U.S.C. § 1231(a)(2). Although § 1231(a)(6) appears to

---

[1] On December 31, 2013, petitioner's counsel filed a consent motion for extension of time. ECF No. 9. His reply was filed on January 10, 2014. ECF No. 10. The consent motion shall be denied as moot.

authorize discretionary indefinite detention of a removable alien beyond such period, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700. The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id.* at 697-99. In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable). *Zadvydas* holds that post-removal-order detention under 8 U.S.C. §1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-order detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond

2

with evidence sufficient to rebut that showing." *Id.* at 700-01. If the Government response fails, the petitioner may be entitled to release from detention. *Id.* The more prolonged the alien's detention, the lower his or her burden, because "what counts as the 'reasonably foreseeable future'" shrinks as the alien's detention drags on. *Id.* at 701.

III. Analysis.

Petitioner, a native and citizen of Panama, was admitted to the United States as a lawful permanent resident on February 1, 1985. On May 31, 2005, he was convicted for possession of cocaine in the Circuit Court for Washington County, Maryland, under Md. Code. Ann. § 5-601(c)(1) and on January 28, 2011, he was convicted for the manufacture, delivery, or possession with intention to manufacture or deliver cocaine, in violation of Pennsylvania law. The Department of Homeland Security charged petitioner as removable under 8 U.S.C. § 1227(A)(2)B)(i) based on his conviction for a controlled substance.

Petitioner appeared before the Immigration Court for judicial review of the removal charges. On November 23, 2011, the Immigration Judge ordered petitioner removed from the United States to Panama. An appeal filed with the Board of Immigration Appeals ("BIA") was denied on April 10, 2012.

Respondent asserts that petitioner was transferred to DHS custody from the Maryland Division of Correction on January 23, 2013. Since that date, the Immigration and Customs Enforcement Removal Office ("ERO") made regular efforts to secure a travel document from the Panamanian embassy.[2] A form was finally signed on November 11, 2013, and it was forwarded to

---

[2] Respondent claims that on several occasions petitioner refused to complete the necessary "Lost Passport Form" to expedite receipt of the travel documents. Counsel for petitioner disputes this assertion, claiming that any delay was not the fault of petitioner, as he was not provided a requested English-language

3

the embassy on December 2, 2013. The travel document was issued ten days later. In his motion to dismiss, counsel for the Office of Immigration Litigation ("OIL") asks that the petition be dismissed as moot, as petitioner was removed from the United States on January 7, 2014. Petitioner's counsel does not oppose dismissal of the action.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

This petition sought release from confinement on the ground that petitioner's continued post-removal custody violated the dictates of *Zadvydas*. Petitioner's release from ICE custody and his removal moot this action, as there is no habeas relief for the court to grant. *See Soliman v. United States ex rel. INS,* 296 F.3d 1237, 1243 (11th Cir. 2002); *Picron-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991). The petition shall be dismissed by separate Order.

Date: January 30, 2014

James K. Bredar
United States District Judge

---

version of the form until November 8, 2013. This factual dispute does not affect the outcome of the case.